**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------X
UNITED STATES OF AMERICA,

                              Petitioner,

          -against-

TERESA HOPPER,

                              Respondent.
----------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
05-MC-172 (ADS)

**APPEARANCES:**

**ROSLYNN R. MAUSKOPF**
United States Attorney
Eastern District of New York
Attorney for the Petitioner
610 Federal Plaza, 5th Floor
Central Islip, New York 11722-4454
       By:    Assistant U.S. Attorney Thomas A. McFarland

**TERESA HOPPER**
Respondent *Pro Se*
1799 Franklin Avenue
East Meadow, New York 11554


**SPATT, District J.**

**I.    INTRODUCTION**

       This is an action by the Government to enforce an Internal Revenue ("IRS")

summons against Teresa Hopper ("Hopper" or the "respondent"), who resides at 1799

Franklin Avenue, East Meadow, New York.

The IRS is investigating the respondent for non-payment of taxes during the years 2001, 2002, and 2003. The Government believes that the respondent is in "possession and control of testimony, books, records, papers, and other data which are relevant" to the investigation.

On October 29, 2004, an IRS agent personally served the respondent with an IRS summons issued on the same day. The summons directed the respondent to appear before the IRS agent on November 10, 2004 in order to testify and to produce the materials requested in the summons. The November 10th appearance date was adjourned to November 22, 2004. The respondent appeared on November 22, 2004, before the IRS agent but refused to testify about or produce any of the materials demanded in the summons. The IRS subsequently scheduled another meeting with the respondent, at which time she again appeared but declined to testify or produce the materials sought by the Government.

On July 15, 2005, the Government commenced this action by filing a "Petition to Enforce Internal Revenue Service Summons."

**A.** **<u>Authority to Issue Summons</u>**. The IRS is authorized to issue the summons in this case for the production of testimony, documents, or other relevant material under 26 U.S.C. § 7602 and 26 C.F.R. § 301.7602-1.

**B.   Jurisdiction of the Court**.  The Court's jurisdiction in this case is proper pursuant to 26 U.S.C. §§ 7402(b) & 7604(a).  These statutes provide that if any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

**C.   Criteria for Enforcement.**  Before the Court can enforce an IRS summons, the Government must show (1) "that the investigation will be conducted pursuant to a legitimate purpose"; (2) "that the inquiry may be relevant to the purpose"; (3) "that the information sought is not already within the Commissioner's possession"; and (4) "that the administrative steps required by the Code have been followed."  United States v. Powell, 379 U.S. 48 (1964).  Once these elements have been met the burden shifts to the respondent to show that enforcement of the summons would constitute an abuse of the Court's process.  Id.  The Government argues in its memorandum in support of its petition that these four conditions have been satisfied and, thus, the respondent should be compelled to comply with the summons.

**II.   THE GOVERNMENT'S ORDER TO SHOW CAUSE**

On August 8, 2005, the Court ordered the respondent to show cause why she should not be compelled to comply with the IRS summons.  The Government makes

the same argument in support of its order to show cause as it did in its Petition for Enforcement of the Summons, namely, that the criteria for enforcement of a summons have been satisfied and that the respondent has not shown how enforcement of the summons would be an abuse of the Court's process.

## III. RESPONDENT'S OPPOSITION

The respondent has opposed the Government's Petition and Order to Show Cause on several grounds, each of which is listed below with a brief recitation of the merits of each defense.

**A.** **Compliance**. This argument is without merit. The respondent argues that the summons should be dismissed because she has already complied. The respondent was summoned to testify about, and produce all documents and records in her possession reflecting, her receipt of taxable income for the years 2001, 2002, and 2003. The summons provides examples of qualifying material in a non-exclusive list (e.g., bank records).

Although the respondent appeared before the IRS as directed by the summons, she refused to testify regarding her income and refused to provide any documents reflecting her income. The respondent cited her Fourth and Fifth Amendment privileges as the basis for not responding.

The Government argues that the respondent improperly exercised her Fifth Amendment privilege against self-incrimination by asserting it in blanket fashion.

4

The Court agrees. The respondent did not bring any documents with her, and would not answer any question regarding her income. The respondent would not admit whether or not she was even in possession of the documents requested by the IRS. Nor would the respondent explain nor attempt to offer an explanation as to why production of the requested material would be harmful to her. See In re Turner, 309 F.2d 69, 71-72 (2d Cir. 1962) (IRS summons requiring taxpayer to produce "books and records did not violate privilege against self-incrimination, where it was not evident that production of every item covered by the summons, or an explanation of why it could not be produced, might be dangerous to the taxpayer," and where the burden of bringing the material requested to the hearing was slight).

The respondent's Fourth Amendment defense is without merit as well. Enforcement of an IRS summons does not violate the Fourth Amendment if the requirements of United States v. Powell, 379 U.S. 48 (1964), have been met. See United States v. Reis, 765 F.2d 1094, 1096 (11th Cir. 1985). The respondent does not argue that the petitioner has failed to satisfy the requirements of Powell. Thus, this Fourth Amendment objection is denied.

**B.     The Court Lacks Subject Matter Jurisdiction.** This argument is also without merit. The respondent claims that the IRS has no jurisdiction to issue the summons in this case because the respondent does not believe there is a law making her responsible for the payment of taxes. Subsections (a) through (d) of Section 1 of

the Internal Revenue Code impose a tax on the income of individuals.  26 U.S.C. § 1(a)-(d) ("There is hereby imposed on the taxable income of [every individual] a tax . . .").  Section 7602 of Title 26 U.S.C. and Treasury Regulation Section 301.7602-1 authorize the IRS to investigate tax liability and to issue summonses.  Sections 7402(b) and 7604(a) of Title 26 U.S.C. authorize United States District Courts to enforce IRS summonses.  Thus, both the IRS and this Court have subject matter jurisdiction in this case.

        C.    **<u>The Court Lacks Territorial Jurisdiction</u>.**  Again, this argument is without merit.  Citing 26 U.S.C. § 3121(e)(1) & (2), the respondent argues that the IRS was without territorial jurisdiction to issue the summons in this case because the Internal Revenue Code only applies to individuals living in one of the territories specifically mentioned in that rule.  Unfortunately, the respondent has misinterpreted the statute.  This rule, appearing in the "definitions" section, says that the "term 'State' <u>includes</u> the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, Guam, or American Samoa" (emphasis added).  This is a rule of inclusion, not exclusion.  Nowhere in this rule does it exclude the fifty United States from the definition of "State" under the Internal Revenue Code. To interpret the rule this way would be absurd.

### D. This Action Should be Stayed Pending the Appeal in *We The People v. United States*, No. Civ. A. 04-1211 (D.D.C.)

By Opinion and Order dated August 31, 2005, the United States District Court for the District of Columbia dismissed We The People v. United States on the merits. We the People v. United States, No. Civ. A. 04-1211, 2005 WL 2473698 (D.D.C. Aug. 31, 2005). In that case, the plaintiffs sued the Government for the alleged failure to "properly respond to the plaintiff's Petitions for Redress of Grievances against their Government, namely: grievances relating to violations of the U.S. Constitution's war powers, taxing, money, and 'privacy' clauses." The respondent has not offered any compelling reason why a favorable outcome in that appeal would have an effect on the respondent's absolute responsibility to pay taxes that are due or her obligation to comply with a lawfully executed IRS summons.

## IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the petition of the United States of America to enforce an Internal Revenue Service summons pursuant to Internal Revenue Code § 7602 duly served on the respondent Teresa Hopper is **GRANTED**; and it is further

**ORDERED**, that the respondent Teresa Hopper is directed to produce all books and records called for by the Internal Revenue Service summons issued October 29, 2004, before a proper officer of the Internal Revenue Service, at such time and place as hereafter may be fixed by such officer; and it is further

**ORDERED**, that the respondent Teresa Hopper shall appear before a proper officer of the Internal Revenue Service, at such time and place as hereafter may be fixed by such officer, for the purpose of giving testimony concerning the federal tax liabilities as to each and all of the tax periods under investigation; and it is further

**ORDERED**, that failure to comply with this Order may be cause for sanctions, including contempt.

**SO ORDERED**.

Dated: Central Islip, New York
October 29, 2005

                                             */s/ Arthur D. Spatt*
                                                ARTHUR D. SPATT
                                          United States District Judge